# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

CRAIG ANDERSON,

Plaintiff,

    - vs-

THE NEW YORK, SUSQUEHANNA & WESTERN RAILWAY,

Defendant.

---

Civil Action No.:

3:22−cv−00184 (GTS/ML)

## COMPLAINT

COMES NOW the Plaintiff, Craig Anderson, by and through counsel, and for his Complaint against Defendant, The New York, Susquehanna & Western Railway, a corporation, respectfully states and alleges as follows:

## PARTIES

1. Plaintiff, Craig Anderson, is and was at all times herein relevant a citizen and resident of the State of New York, residing at ███████████████, Mount Upton, New York 13809.

2. Craig Anderson was injured on March 25, 2019, in New York, Susquehanna & Western Railway's Utica yard in New York.

3. Defendant, The New York, Susquehanna & Western Railway ("NYSW") is a foreign corporation organized and existing according to law, conducting business as a common carrier by railroad engaged in interstate commerce with facilities, tracks, and employees located in and through the several states, including in and through the State

of New York. At all times material NYSW received, accepted and transported various shipments of freight in and through the State of New York, including in both intrastate and interstate commerce, and maintained offices and agents for the transaction of business in said state, and at all times material was and is presently conducting business in and through the State of New York.

4. The Defendant, The New York, Susquehanna & Western Railway, is a railroad corporation duly established by law with a principal place of business at One Railroad Avenue, Cooperstown, New York 13326.

5. On March 25, 2019, the Plaintiff was required to work as a foreman in NYSW's Utica Yard to change out a defective rail on track number 4. The Plaintiff was tasked with lifting various, heavy, hydraulic and hand tools. The Defendant failed to provide a safe work environment. As a result, the Plaintiff had to reach up into the back of the HyRail Pick-up truck to unload hydraulic tools, causing him to sustain serious injuries to his right shoulder.

## JURISDICTION & VENUE

6. Count I of this action is instituted and prosecuted pursuant to the applicable provisions of the Federal Employers Liability Act ("FELA"), 45 U.S.C.A., § 51, *et. seq.* and this Court has jurisdiction over NYSW and this FELA claim pursuant to 45 U.S.C.A., § 56.

## COUNT I

7. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 6 of his Complaint as if the same were set for verbatim herein.

8. That all times material herein, Plaintiff was employed by Defendant NYSW as a

foreman in Utica, New York and was working and engaged in interstate transportation and commerce at the time of his injury, and at such time was working in the furtherance of Defendant NYSW's interstate commerce activities and in work which directly, closely, and substantially affected the general interstate commerce carried on by Defendant NYSW as a railroad company.

9. That on or about March 25, 2019 while working in the course and scope of his railroad employment at Defendant NYSW's Utica Yard, the Plaintiff sustained serious injuries to his right shoulder.

10. That pursuant to the FELA Defendant NYSW had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe conditions for work, reasonably safe methods for work, reasonably safe supervision for work, and a duty to exercise ordinary care in connection with all aspects of Plaintiff's working environment specifically including on March 25, 2019.

11. That Defendant NS, by and through its agents, servants and/ or employees, breached its aforementioned duties of care owed to Plaintiff and was negligent in one or more of the following particulars:

    a. Defendant failed to provide the Plaintiff with a reasonably safe place to work;

    b. Defendant failed to provide the Plaintiff with reasonably safe conditions for work;

    c. Defendant failed to provide Plaintiff with reasonably safe methods for work;

    d. Defendant failed to provide the Plaintiff with a reasonably safe supervision for work;

    e. Defendant assigned the Plaintiff perform work which Defendant knew, or in the existence of reasonable care should have known, would result in injury;

    f. Defendant failed to provide Plaintiff with adequate mechanical assistance to lift the heavy tools from the truck;

    g. Defendant violated one or more of the applicable statutory provisions as promulgated by the Federal Railroad Administration;

    h. Defendant violated one or more of its own Safety and Operating Rules; and

    i. Defendant was otherwise reckless or negligent.

12. That Defendant NYSW knew, or in the exercise of ordinary care should have known that its negligent acts or omissions, as well as other acts of negligence and/ or violations of statutory and safety regulations could, would or might cause harm to Plaintiff.

13. That Plaintiff's injuries were caused, even in the slightest, as a result of one or more of Defendant NYSW's aforementioned negligent acts or omissions, as well as other acts of negligence and/ or violations of statutory and safety regulations, in violation of NYSW's duties under the FELA.

14. That as a result, even in the slightest, one or more of Defendant NYSW's negligent acts or omissions, as well as other acts of negligence and/ or violations of statutory and safety regulations, the Plaintiff sustained serious injuries to his right shoulder on March 25, 2019.

15. That as a result, even in the slightest, one or more of Defendant NYSW's negligent acts or omissions, as well as other acts of negligence and/ or violations of statutory and safety regulations, the Plaintiff was caused to suffer great physical pain,

conscious pain and suffering, mental anguish, and has sustained damages.

16. That as a result, even in the slightest, one or more of Defendant NYSW's negligent acts or omissions, as well as other acts of negligence and/ or violations of statutory and safety regulations, the Plaintiff has suffered lost wages and fringe benefits and incurred medical expenses and future wages.

17. That as a result, even in the slightest, one or more of Defendant NYSW's negligent acts or omissions, as well as other acts of negligence and/ or violations of statutory and safety regulations, the Plaintiff's capacity to earn wages and carry out life's activities and the quality of life itself has been diminished.

WHEREFORE, Plaintiff Craig Anderson, prays for judgment against The New York, Susquehanna & Western Railway under Count I of this Complaint for such sums as are fair and reasonable in excess of one million dollars ($1,000,000.00), for any and all costs expended in prosecuting this action, and for any and all other relief permitted by law.

**PLAINTIFF REQUESTS TRIAL BY JURY**

DATED:  FEBRUARY 28, 2022

Craig Anderson
By his attorneys,

_/s/_ Christopher C. Naumes
Christopher C. Naumes, Esq.
Naumes Law Group LLC
2 Granite Ave, Suite 425
Milton, MA  02186
(617) 227-8444
(617) 696-2437
christopher@naumeslaw.com
robert@naumeslaw.com
Bar No.: 515409
Bar No.: 102976

                                               _/s/_ *Robert T. Naumes*
                                             Robert T. Naumes, Esq.
                                             Naumes Law Group LLC
                                             2 Granite Ave, Suite 425
                                             Milton, MA  02186
                                             (617) 227-8444
                                             (617) 696-2437
                                             christopher@naumeslaw.com
                                             robert@naumeslaw.com
                                             Bar No.: 515409
                                             Bar No.: 102976